UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:20 CV 2777 T24 AAS

TEARANDA D. PEARSEY

    Plaintiff,

vs.

DEPARTMENT OF VETERANS AFFAIRS,
ROBERT WILKIE, SECRETARY,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, TEARANDA D. PEARSEY, by and through her undersigned attorneys, and hereby sues the Defendant, DEPARTMENT OF VETERANS AFFAIRS, ROBERT WILKIE, SECRETARY, and alleges as follows:

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

2. Jurisdiction of this action is premised upon Title VII and related provisions pertaining to provisions prohibiting a racially hostile work environment and retaliation.

3. Plaintiff, TEARANDA D. PEARSEY, is and was at all times material hereto a resident of Hillsborough County, Florida.

4. Defendant, DEPARTMENT OF VETERANS AFFAIRS, ROBERT WILKIE, SECRETARY, is a federal agency administering benefits to veterans throughout the entire nation and has many offices throughout the State of Florida. Plaintiff is an employee at the Tampa office.

5. Plaintiff is an Assistant Veterans Service Center Manager/GS 14 at the current time, however, Plaintiff is presently contesting her demotion to Level GS 12.

## FACTUAL ALLEGATIONS

6. Plaintiff was subject to a hostile work environment based upon her race as a black. Plaintiff's immediate supervisor discriminated and harassed her on the basis of her race and subjected her to an intimidating, hostile work environment.

7. The acts of harassment and the conditions imposed upon Plaintiff by her manager include, but are not limited to, the following:

   a. Disciplinary action of five days' suspension for proposing disciplinary action to employees who were not completing their daily work schedules;

   b. Supervisor stating that Plaintiff did not provide her with details about issues but Plaintiff has e-mails indicating she did;

   c. Separating Plaintiff from the staff and not allowing Plaintiff to attend meetings and/or parties;

   d. Extreme criticism at a higher level than her white counterparts, blaming Plaintiff, and taking action on any issue within Plaintiff's area of responsibility such as the issues in the proposed demotion/unsatisfactory evaluation;

   e. Plaintiff was assigned to complete lower level work along with lower GS level employees with their knowledge of this assignment, thus diminishing her respect level with co-employees and humiliating Plaintiff;

   f. Plaintiff did not receive the necessary employees to complete tasks on the public contact team at the same level as her white counterparts;

   g. Plaintiff was not allowed to attend yearly management training in 2019 due to her proposed demotion which, again, diminished her respect level with her co-employees; and

      h.     Plaintiff received work related tasks from lower graded employees which humiliated her.

8. The conduct described above created a hostile work environment in that (a) the conduct was unwelcome; (b) the conduct and conditions were severe and pervasive; (c) the conduct and conditions negatively impacted the terms and conditions of Plaintiff's employment; (d) the conduct, demands, and work conditions created by management were based upon Plaintiff's race; and (e) all of the conditions and conduct were imposed upon Plaintiff by her management.

9. Plaintiff performed all of the conditions precedent to the filing of this civil action under the applicable law and within the applicable time period.

## **COUNT I: VIOLATION OF TITLE VII - ANTI RETALIATION**

10. Plaintiff realleges and reavers Paragraphs 1 through 9, above, as if fully restated herein.

11. Plaintiff complained to management and to the appropriate human resources managers and departments that her manager was imposing upon her a hostile work environment based upon her race.

12. Plaintiff made numerous complaints of racial discrimination and racial harassment to human resources officials, and her manager was well aware of the complaints of racial discrimination and racial harassment.

13. Plaintiff made these complaints to Defendant's management and to the human resources department based upon her reasonable and good faith belief that she was a victim of racial discrimination by Defendant. Plaintiff's complaints, therefore, are legally protected conduct for which Defendant could impose no retaliation.

14. After Plaintiff made these complaints, she became the target of an increased hostile work environment and further, the very manager against whom she had lodged her racial discrimination and harassment complaints imposed the following retaliatory, adverse employment actions and conditions against her which included, but were not limited to:

   a. Disciplinary action of five days' suspension for proposing disciplinary action to employees who were not completing their daily work schedules;

   b. Plaintiff was disciplined with personnel actions for assisting assigned managers;

   c. Plaintiff received a proposed demotion based on unsubstantiated allegations;

   d. Unsubstantiated allegations noted in proposed demotion has caused a loss of more than one year and five months of work experience credit;

   e. Plaintiff received a proposed demotion for a task not completed by a manager under Plaintiff's supervision;

   f. Plaintiff received an unsatisfactory fiscal year 2019 performance appraisal for unsubstantiated allegations; and

   g. Proposed demotion of Plaintiff from GS level 14 to GS level 12.

15. But for Plaintiff's protected conduct as described herein, Plaintiff would not be subject to a demotion and furthermore, suffer a substantial decrease in salary as a result of the demotion. Furthermore, due to the retaliatory actions, Plaintiff cannot receive even a lateral transfer in that the negative employee evaluations and threats of demotion make it impossible to be considered for any form of lateral transfer to an open position.

16. Defendant's conduct through Plaintiff's manager was willful, malicious, and in willful and wanton disregard of Plaintiff's rights.

17. Defendant's retaliation as alleged herein is the proximate cause of Plaintiff's substantial loss of income and damages in the form of severe emotional distress and is the cause of numerous health conditions to Plaintiff.

18. Plaintiff performed all of the conditions precedent to the filing of this civil action under Title VII and administratively as well.

WHEREFORE, Plaintiff, TEARANDA D. PEARSEY, requests that this Honorable Court:

A. Award Plaintiff all monetary damages to which she is entitled, including any form of compensatory damages or loss of income and benefits;

B. Award Plaintiff reasonable attorney's fees and costs of this action to be taxed against the Defendant, DEPARTMENT OF VETERANS AFFAIRS, pursuant to Title VII, *et seq.*;

C. for such other and further relief as this Court may deem just and proper; and

D. Plaintiff requests a trial by jury.

Respectfully submitted,

CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
Counsel for Plaintiff
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail: crush@crushlawfl.com
E-mail: eservice@crushlawfl.com

By_____
Christopher J. Rush   (FBN 621706)